15-2219
Caruso v. Zugibe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand sixteen.

PRESENT:   PIERRE N. LEVAL,
                   CHRISTOPHER F. DRONEY,
                            *Circuit Judges*,
                   PAUL A. ENGELMAYER,[*]
                            *Judge*.

------------------------------------------------------------------------

PATRIZIA CARUSO,

                            *Plaintiff-Appellant*,

                 v.                                                                  No. 15-2219-cv

THOMAS ZUGIBE, ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE, THE ROCKLAND COUNTY COURT AND ITS SENTENCING JUDGE, CHARLES APOTHEKER,

                         *Defendants-Appellees,*

CHARLES EDWARDS,

                         *Defendant.*

------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:            MICHAEL D. DIEDERICH, JR., Stony Point, NY.

FOR DEFENDANTS-APPELLEES:            THOMAS E. HUMBACH, Rockland County Department of Law, New City,

---

[*] Judge Paul A. Engelmayer, of the Southern District of New York, sitting by designation.

NY, *for* Thomas Zugibe and Rockland County District Attorney's Office.

MARK H. SHAWHAN, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, *for* Rockland County Court and Judge Charles Apotheker.

Appeal from the judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*), entered on June 23, 2015.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Patrizia Caruso appeals from the judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*), dismissing her Complaint. We assume the parties' familiarity with the underlying facts and the procedural history of the case and therefore address the facts only as necessary to resolve the issues presently on appeal.

Caruso alleges she was harassed and assaulted by a co-worker, Charles Edwards. Edwards was prosecuted by the Rockland County District Attorney's Office for his actions and subsequently pled guilty to felony attempted assault. He was sentenced to five years of probation by Rockland County Court Judge Charles Apotheker. Dissatisfied with the prosecution of Edwards, Caruso brought the present action alleging wrongdoing by the Rockland County District Attorney's Office and Thomas Zugibe, one of the prosecutors handling Edwards' case. Caruso also asserts that Rockland County Court

2

Judge Apotheker denied her certain participatory rights to which she is entitled under state law as a crime victim. In sum, Caruso alleges violations of her federal and state constitutional rights including her rights to petition the government, free speech, due process, and equal protection as well as her state-law rights as a crime victim. Caruso seeks, among other forms of relief, a declaratory judgment under 42 U.S.C. § 1983 stating that defendants' conduct was unlawful and an injunction preventing defendants from engaging in such conduct in the future. Caruso also requests an unwinding of Edwards' previous state court conviction so that, at a resentencing, she may participate more fully than before.

In this appeal, Caruso primarily contests the district court's dismissal of her complaint for lack of standing or for failure to state a claim based on her failure to allege a cognizable injury in fact and as otherwise barred because defendants are immune from such claims. We review a district court's dismissal of a complaint for lack of standing *de novo*. *Fuentes v. Bd. Of Educ. of City of N.Y.,* 540 F.3d 145, 148 (2d Cir. 2008).

To establish constitutional standing, a plaintiff must allege that (i) she has suffered an injury in fact which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (ii) there is "a causal connection between the injury and the conduct complained of," and (iii) it is likely "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted). To meet this burden when seeking injunctive or declaratory relief, a plaintiff "cannot rely on past injury to satisfy the injury

3

requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("Absent a sufficient likelihood that he will again be wronged in a similar way, [the plaintiff] is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional.").

Caruso has not plausibly alleged that any harm she has suffered as a result of Edwards' plea agreement is likely to recur. To find an injury in fact, we would have to assume that Caruso would again be a victim of a crime, that the perpetrator of that crime would be prosecuted by the Rockland County District Attorney's Office, that the perpetrator would then negotiate a plea agreement, and that Caruso's input would not be considered in the court's acceptance of the plea agreement. This string of possibilities is "simply too speculative" to form an injury in fact redressable through injunctive or declaratory relief. *Shain v. Ellison*, 356 F.3d 211, 216 (2d Cir. 2004).

In addition to declaratory and injunctive relief, Caruso requests that the Rockland County Court's disposition of *People v. Edwards* be "annul[ed] and vacat[ed]." Caruso contends, as she did below, that she seeks only prospective relief. The relief requested, however, would require us first to reopen a closed state court proceeding. Undoing the guilty plea entered in *People v. Edwards* is plainly retrospective. Because Caruso

4

requests retrospective relief, her claims against the Rockland County Court are prohibited under the Eleventh Amendment.

As a general rule, "state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity." *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Id.* (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). This Court has previously held that "the New York State Unified Court System is unquestionably an 'arm of the State.'" *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). As part of the New York State Unified Court System, the Rockland County Court is entitled to Eleventh Amendment immunity.

Caruso argues, however, that her claim seeking prospective relief is authorized under the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908). *Ex Parte Young* held that "private litigants could seek an injunction in federal court against a state official, prohibiting him from enforcing a state law claimed to violate the Federal Constitution." *Va. Office for Prot. and Advocacy v. Stewart*, 563 U.S. 247, 267 (2011). In determining whether *Ex Parte Young* applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks and citation omitted). Relief that serves to compensate a plaintiff injured in the past by an action of

the state or an arm of the state is barred. *Papasan v. Allain*, 478 U.S. 265, 278 (1986). This is true "if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else." *Id*. Relief in the form of reopening a closed criminal case to permit additional victim input at a resentencing, however styled, is retrospective in nature. It does not fit within the *Ex Parte Young* exception and the Rockland County Court is thus entitled to immunity.

The remaining defendants are similarly immune from Caruso's claims. Caruso has alleged violations of her constitutional rights by defendants in their official capacities. "Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Caruso does not argue that Judge Apotheker acted in a non-judicial role or in the absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (stating that judicial immunity is only overcome in two sets of circumstances: nonjudicial actions and judicial actions taken in the complete absence of jurisdiction). Judge Apotheker therefore has absolute judicial immunity from Caruso's claims.

Thomas Zugibe, the District Attorney, is also immune from Caruso's claims. "Absolute immunity bars a civil suit against a prosecutor for advocatory conduct that is intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (internal quotation marks omitted). Caruso asserts that the District Attorney's Office did not meaningfully interview her concerning her version of the events and ignored her input when negotiating a plea deal with Edwards. Insofar as

these allegations concern the District Attorney's Office's conduct in the plea bargaining process, it is absolutely immune. *See Taylor v. Kavanagh*, 640 F.2d 450, 451-52 (2d Cir. 1981) (a district attorney's "conduct in the plea bargaining negotiations and the sentencing proceedings in state court is protected by the doctrine of absolute prosecutorial immunity"). With respect to the meeting between Caruso and an Assistant District Attorney, this conduct hews closely to "evaluating evidence and interviewing witnesses" in preparation for trial, which the Supreme Court has held falls within the scope of absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Accordingly, the District Attorney is absolutely immune from Caruso's claims.

We have considered Caruso's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court